**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **JACOB BINION, individually and on behalf of all others similarly situated,** | § | |
| **Plaintiff,** | § | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO. 2:26-cv-1467** |
| **ALTITUDE ENERGY PARTNERS, LLC** | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Jacob Binion, on behalf of himself and all others similarly situated, files this Original Complaint, as follows:

## I. PRELIMINARY STATEMENT

1. Altitude Energy Partners, LLC ("Altitude" or "Defendant") was formerly the employer of Plaintiff and others similarly situated. Mr. Binion worked as a Directional Driller for Altitude from approximately September of 2022 until April of 2025. While employed by Altitude, Plaintiff was misclassified as an independent contractor, despite the fact that he worked full time for Altitude, and virtually every aspect of his job was controlled by Altitude. Altitude misclassified Plaintiff and other Directional Drillers as independent contractors to avoid paying employment taxes, benefits and overtime. During his time with Altitude, Plaintiff typically worked at least 90 hours per week. Plaintiff received a day rate regardless of the number of hours he worked in a given day or week, and never received overtime pay. On information and belief,

there are a large number of directional drillers who work or have worked for Altitude, all of whom are classified as ind,ependent contractors and all of whom are paid a day rate and denied overtime pay.

2. Plaintiff, on behalf of himself and all others similarly situated, brings this collective action to recover overtime compensation and all other available remedies under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 et. seq. (the "FLSA").

3. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **ALL DIRECTIONAL DRILLERS WORKING FOR ALTITUDE DURING THE PAST 3 YEARS WHO WERE CLASSIFIED AS INDEPENDENT CONTRACTORS AND PAID A DAY-RATE.**[1]

4. For at least three years prior to the filing of this Complaint, Defendant willfully violated the FLSA by failing to pay these employees for overtime hours worked in excess of forty hours per week at a rate of one-and-a-half times their regular rate of pay.

5. Altitude has violated and continues to violate the New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-22(D) ("NMMWA") by failing to pay Plaintiff and other Class Members overtime at the legally required rate. Plaintiff, individually and on behalf of all other Class Members, brings this class action lawsuit to recover overtime pay and all over available remedies under the NMMWA.

---

[1] The workers that fall within this proposed collective will be called the "FLSA Class Members."

6. This class action consists of:

> **ALL DIRECTIONAL DRILLERS HIRED WORKING FOR ALTITUDE WHO (1) WORKED AT LEAST FORTY HOURS IN ONE WEEK IN A YEAR IN NEW MEXICO AND (2) WERE PAID A DAY-RATE AND DENIED OVERTIME AT ANY TIME FROM APRIL 2, 2019 UNTIL THE PRESENT.**[2]

## II. PARTIES

7. Plaintiff is an individual residing in Texas. Plaintiff's Notice of Consent is attached hereto as Exhibit 1.

8. Altitude is a foreign limited liability company. Altitude may be served through its registered agent, Incorp Services, Inc., at 815 Brazos St., Suite 500 Austin, TX 78701.

## III. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..." The Court has subject matter jurisdiction over the state law claims pursuant to 28. U.S.C. § 1332(d) because this is a

---

[2] Members of this proposed class will hereinafter be referred to as the "Class Members." The period covered by the NMMWA class action is pled as it is because "[a] civil action to enforce any provision of [the NMMWA] may encompass all violations that occurred as part of a continuing course of conduct regardless of the date on which they occurred," *see* NMSA 1978 § 50-4-32. Altitude registered to do business in New Mexico on April 2, 2019. Plaintiff reserves the right to amend the class definition if discovery reveals that, prior to this date, Altitude paid directional drillers on a day-rate basis and classified them as independent contractors in New Mexico.

class action with an amount in controversy over $5,000,000.00 exclusive of interest and costs, and at least one Rule 23 Class Member is a citizen of a different state than Altitude. Alternatively, the Court has supplemental jurisdiction over the class and individual NMMWA claims pursuant to 28 U.S.C. § 1367.

10. This Court has personal jurisdiction over Altitude because it conducts a significant amount of business in New Mexico and has had continuous and systematic contacts with New Mexico and because there is a significant connection between the forum and the specific claims at issue in this case. This Court's assertion of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district and division. Namely, Plaintiff and the other class members performed a substantial amount of work for Defendant as described herein in and around the Hobbs, New Mexico area and the greater eastern New Mexico region, which is located in this judicial district and division.

## IV. FLSA COVERAGE FACTS

12. At all relevant times, Altitude was the employer of Plaintiff and others similarly situated. Altitude was responsible for all decisions related to the wages to be paid to the FLSA Class Members, the work to be performed by the FLSA Class Members, the locations of work

performed by the FLSA Class Members, the hours to be worked by the FLSA Class Members, and the compensation policies with respect to the FLSA Class Members.

13. At all relevant times, Defendant has operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all relevant times, Defendant has operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

15. At all relevant times, Plaintiff (and others similarly situated) were employees for Defendant who was engaged in commerce or in the production of goods for commerce.

## V. NMMWA COVERAGE FACTS

16. At all relevant times, Defendant was an employer within the meaning of NMMWA and specifically NM STAT ANN. § 50-4-21(B) with respect to Plaintiff and other Class Members. Defendant was responsible for all decisions related to the wages to be paid to Plaintiff and other Class Members, the work to be performed by Class Members, the locations of work performed by the employees, the hours to be worked by Class Members, and the compensation policies with respect to Class Members.

17. At all relevant times, Plaintiff and the FLSA Class Members constituted individual employees employed by an employer as the term "employee" is understood under the NMMWA.

18. At all relevant times, Plaintiff and other Class Members were employees for Defendant who was engaged in commerce or in the production of goods for commerce. Namely, Plaintiff's job assignment assisted in the production of oil and gas, which, upon its production, was placed into the stream of commerce and was shipped and sold across the United States. Moreover, Plaintiff, in the performance of his job duties while working for Defendant, regularly used instrumentalities of interstate commerce such as his cell phone and e-mail to communicate with others at Defendant.

## VI. FACTUAL BACKGROUND

19. Altitude Energy Partners is an oilfield services company that provides directional drilling, measurement-while-drilling (MWD), mud motor, and rotary steerable system services for oil and gas wells.

20. Because Plaintiff and other Class Members are paid a day rate, and because their schedules are set by Altitude, the FLSA Class Members are not given any opportunity to share in the profit and/or loss of their services. They are not allowed the freedom to take or reject assignments - instead they must report to jobs as assigned by Altitude. Because they work full time (working very long hours) for Altitude, they are not allowed an opportunity to expand their business or to take on other assignments as true independent contractors would be expected to

do. Finally, the FLSA Class Members did not provide their own tools or equipment and were not allowed to hire their own helpers, as true independent contractors typically do. They were not allowed to set or negotiate their own prices as a true business owner would; instead, their day rates were dictated to them.

21. No exemption excuses Altitude from paying Plaintiff and other similarly situated Class Members overtime rates under the FLSA.

22. Defendant has failed to make a good faith effort to comply with the FLSA. Instead, Defendant knowingly, willfully or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation. Plaintiff and those similarly situated are entitled to liquidated damages for such conduct.

23. For purposes of this action, the "relevant period" for the purposes of the FLSA is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

24. Plaintiff has retained the undersigned counsel to represent him and those similarly situated in this action. Pursuant to the FLSA, Plaintiff and those similarly situated are entitled to recover all reasonable attorney's fees and costs incurred in this action.

## VII. COLLECTIVE ACTION ALLEGATIONS

25. Other employees of Defendant has been victimized by the pattern, practice and policy of Defendant. Plaintiff is aware that the illegal practices and policies of Altitude have been imposed on other, similarly situated workers.

26. Plaintiff brings his claims on behalf of all current and former Class Members, or similar job descriptions or titles, who worked on a dedicated basis for Defendant.

27. Defendant's compensation policies and procedures with respect to Plaintiff and the FLSA Class Members and wages paid to Plaintiff and the FLSA Class Members are substantially similar, if not identical.

28. Defendant's pattern of failing to pay overtime compensation as required by the FLSA results from Defendant's general application of compensation policies and procedures, and does not depend on individualized circumstances of Plaintiff or other Class Members.

29. Although the issue of damages may be individual in character, this does not detract from the common nucleus of facts with respect to Defendant's liability under the FLSA.

30. Plaintiff files this case as a collective action as specifically allowed by 29 U.S.C. § 216(b). Plaintiff brings these claims on his own behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendant.

31. Plaintiff requests that Defendant identify all Class Members in order that proper notice of their right to opt-out of this class action (or, alternatively, to consent to participation in this collective action) may be distributed, including their names, dates of employment, job titles, last know addresses, and telephone numbers of the FLSA Class Members.

32. Plaintiff seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b).

33. Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

34. Plaintiff will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

## VIII. NEW MEXICO CLASS ACTION ALLEGATIONS

35. Plaintiff incorporates all allegations previously made in this Complaint.

36. Plaintiff brings this class action on behalf of the respective Class Members.

37. The FLSA Class Members are so numerous that their joinder is impracticable.

38. While the precise number of the FLSA Class Members is unknown, a large number of Class Members worked for Defendant in at least one workweek of more than 40 hours in New Mexico throughout the time period Defendant' continuing course of conduct occurred.

39. Plaintiff's claims are typical of the FLSA Class Members.

40. Plaintiff and the FLSA Class Members were classified as non-exempt from overtime.

41. The primary job duties of Plaintiff and the FLSA Class Members consisted of non-exempt work.

42. Plaintiff and the FLSA Class Members were not paid a guaranteed salary each week, but instead received day rate pay, which fluctuated weekly because they were paid a day rate for each day they worked.

43. Plaintiff and the FLSA Class Members worked over 40 hours in at least one workweek of more than 40 hours for Defendant in New Mexico during the time period Defendant's continuing course of conduct occurred.

44. Plaintiff and the FLSA Class Members were denied overtime at a rate of one-and-one-half times their regular rate for all overtime hours worked.

45. Common questions of law and fact for the FLSA Class Members predominate over any questions affecting any individual member, including:

a. Whether Defendant's Day Rate Policy violated NMMWA by failing to pay the FLSA Class Members overtime compensation at a rate of time-and-one-half for all hours worked in excess of 40 in an individual workweek;

b. Whether Defendant's Overtime Miscalculation Policy violated NMMWA by not paying overtime at the legally required rate of one-and-one-half times the regular rate of pay;

c. The proper measure of damages of the FLSA Class Members; and

d. Whether Defendant should be enjoined for such violations in the future.

46. As a result, Plaintiff will fairly and adequately protect the FLSA Class Members' interests and has retained counsel experienced in complex wage and hour class litigation.

47. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2). Defendant acted or refused to act on grounds generally applicable to the FLSA Class Members. Final injunctive and/or declaratory relief is appropriate to the FLSA Class Members as a whole.

48. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3): (1) questions of law or fact predominate over any questions affecting individual class members; and (2) a class action is superior to other methods to ensure a fair and efficient adjudication of this controversy because—in the context of wage and hour litigation—individuals lack the financial resources to vigorously prosecute lawsuits against large corporations. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to policies and practices, including the failure to pay overtime to the FLSA Class Members. No apparent difficulties exist in managing this class action. Plaintiff intends to send notice to the Rule 23 Class Members to the extent required by Fed. R. Civ. 23(c).

## IX. CAUSES OF ACTION

### COUNT ONE - VIOLATION OF THE FLSA (Individually and on Behalf of Class)

49. The foregoing allegations are incorporated herein by reference.

50. Plaintiff and others similarly situated were non-exempt employees of Defendant.

51. Plaintiff and others similarly situated are entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

52. Defendant violated 29 U.S.C. § 201 et. seq. by willfully failing to pay Plaintiff or others similarly situated overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

53. Plaintiff, individually and on behalf of others similarly situated, seeks all unpaid overtime compensation and an additional equal amount as liquidated damages for a period of three years from the date of the filing of this complaint, as well as reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

**COUNT TWO - VIOLATION OF THE NMMWA (Individually and on Behalf of Class)**

54. Plaintiff incorporates all allegations previously made in this Complaint.

55. Plaintiff and the FLSA Class Members are entitled to unpaid overtime in an amount equal to one-and-one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek pursuant to the formula outlined in N.M. Stat. Ann. § 50-4-22(D). During the relevant time period, Defendant violated and continues to violate NMMWA by employing employees and regularly and repeatedly failing to pay employees for all hours worked and failing to pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Class Members have suffered and will continue to suffer from a loss of income and other damages. Plaintiff and the FLSA Class Members are entitled to their unpaid wages, treble and/or liquidated damages, prejudgment interest, all costs in bringing this action, and all attorneys' fees

accrued that are recoverable under NMMWA. Moreover, Plaintiff requests that this lawsuit encompass all violations that occurred as a part of Defendant's continued course of conduct regardless of the date on which they occurred.

## X. RELIEF SOUGHT

Plaintiff prays for the following relief against Defendant on an individual basis and on a representative basis on behalf of the FLSA Class Members:

a. For an Order certifying the proposed NMMWA class as Class Action pursuant to Fed. R. Civ. P. 23, for designation of Plaintiff as Class Representative under NMMWA, and for designation of Plaintiff's counsel as class counsel;

b. For an Order awarding Plaintiff and the FLSA Class Members all unpaid wages, treble damages, prejudgment interest and all available penalties wages under NMMWA;

c. For an Order certifying the proposed FLSA class and finding Defendant liable for unpaid wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

d. For an Order awarding Plaintiff and the FLSA and NMMWA class members pre- judgment and post-judgment interest at the highest rates allowed by law; and

e. For all costs and attorneys' fees incurred prosecuting these claims, as allowed by law; and

f. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ Josh Borsellino
Josh Borsellino
State Bar No. 24045532
Borsellino, P.C.
3267 Bee Cave Rd., Ste. 107, Box # 201
Austin, TX 78746
Telephone: (817) 908-9861
Facsimile: (817) 394-2412
Email: josh@dfwcounsel.com

**ATTORNEY FOR PLAINTIFF AND THOSE SIMILARLY SITUATED**